UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DIANE G. | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )   2:19-cv-00491-DBH |
| | ) |
| ANDREW M. SAUL, Commissioner of | ) |
| Social Security, | ) |
| | ) |
|    Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the October 16, 2018 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 6-2).[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of uterine prolapse and degenerative disc disease of the lumbar spine.  (R. 17.) The ALJ further found that as the result of the impairments, Plaintiff has a residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).  (R. 18.)  The ALJ concluded that Plaintiff can perform past relevant work as a nurse instructor and, consequently, is not disabled for purposes of the Social Security Act.  (R. 20.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome.  *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends that the ALJ did not properly address the opinion of one of

Plaintiff's treatment providers, Traci Bragg, M.D., and impermissibly interpreted raw medical evidence in assessing Plaintiff's RFC.

The ALJ determined that the "objective medical findings and clinicians' observations do not refute the conclusion that the claimant was able to perform light work as of the date last insured." (R. 19.)  As support for his determination, the ALJ cited various medical records from the relevant period indicating normal physical findings and physical therapy and chiropractic records that reflected some improvement in movement and functioning.  The ALJ also concluded that Plaintiff's statements to her providers "have not been entirely consistent with her allegation that she has been experiencing disabling pain and other symptoms since 2009."  (R. 19-20.)

The ALJ gave no weight to the state agency medical consultants' determinations that there was insufficient evidence to assess Plaintiff's RFC as of the date last insured, and he gave little weight to the opinions of Dr. Bragg and Myriam Perez, M.D., Plaintiff's rheumatologist. (R. 20.)   The ALJ explained that "[n]either treating source asserted that the claimant was disabled as of the date last insured, nor did they offer a detailed assessment of her functional capacity based on contemporaneous evidence." (*Id*.)   Dr. Bragg wrote two opinion letters.  (R. 703-05, 1331.)  In his evaluation of the expert opinions, the ALJ referenced Dr. Bragg's first opinion letter. (R. 20; *see* R. 1331.)  In her first letter, dated September 28, 2017, Dr. Bragg recounts Plaintiff's medical history and pain level, and opines that Plaintiff can sit or stand for only a few minutes, can lift up to five pounds and is unable to work.  (R. 704.)  Dr. Bragg did not specifically address whether Plaintiff was disabled as of the date last insured.  (R. 703-05.)

3

The ALJ did not discuss or refer to Dr. Bragg's second opinion letter, dated August 31, 2018. In this letter, Dr. Bragg reported that Plaintiff has had issues with pelvic and sacral pain and muscle spasms starting in December 2009, along with pelvic instability, which prevents Plaintiff from standing or sitting comfortably for more than a few minutes at a time. (R. 1331.) Dr. Bragg also opines that Plaintiff is unable to lift more than five pounds, continues to take daily medication related to the noted issues, and "starting in 2011," has been incapable of working and is not able to work an eight hour per day/40 hour per week job of any kind. (*Id.*)

Plaintiff argues that the ALJ's failure to discuss Dr. Bragg's August 2018 letter was error, citing *Nguyen*, 172 F.3d at 35 (an "ALJ's findings of fact … are not conclusive when derived by ignoring evidence") and *Amanda M. T. v. Saul*, No. 1:18-cv-00271-JHR, 2019 WL 4259456 (D. Me. Sept. 8, 2019). (SOE at 3.) In *Amanda M. T.*, the Court concluded that the ALJ erred by failing to address an expert opinion, submitted by the plaintiff, that specifically challenged an opinion upon which the ALJ relied in assessing the plaintiff's RFC. *See* 2019 WL 4259456, *2. Defendant contends the decision in *Amanda M. T.* is distinguishable, because in this case, the ALJ did not rely on one later opinion to support his RFC determination without acknowledging another contrary opinion.[2] (Opposition at 6.)

In discounting Dr. Bragg's first opinion, the ALJ noted Dr. Bragg's failure to address Plaintiff's disability status as of the date last insured, which issue Dr. Bragg

---

[2] Defendant also argues that the ALJ implicitly considered Dr. Bragg's second opinion letter because it is included among the exhibits attached to the decision. (Opposition at 5 n.4.)

addressed in the second opinion letter. The ALJ, however, did not discuss the opinion. More specifically, the ALJ did not explain how the opinion letter, in which Dr. Bragg described some of Plaintiff's physical challenges and limitations and asserted that beginning in 2011, Plaintiff was incapable of working, did not adequately address his concern that "[n]either treating source asserted that claimant was disabled as of the date last insured." (R. 20.)

The fact that the ALJ did not rely on any expert medical opinion underscores the significance of the omission.  While an ALJ is not required to call a medical expert, *see Hallock v. Astrue*, No. 2:10-cv-00374-DBH, 2011 WL 4458978, at *2 (D. Me. Sept. 23, 2011) (rec. dec., *aff'd* Feb. 28, 2010), an ALJ may not substitute his or her judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16.  Moreover, in this case, a "treating source's opinion on the nature and severity of a claimant's impairments is entitled to controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and … not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Gilson v. Colvin*, No. 1:12-cv-376-GZS, 2013 WL 5674359, at *2 (D. Me., Oct. 17, 2013) (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)).[3]

Here, the ALJ did not assess whether Dr. Bragg's opinion was supported by the medical record or consistent with other substantial evidence in the record.  Instead, the ALJ

---

[3] The regulations and this principle apply to claims filed before March 27, 2017, such as Plaintiff's.  For claims filed on or after March 27, 2017, the regulations that govern the ALJ's evaluation of opinion evidence provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]"  20 C.F.R § 404.1520c(a).

relied upon his assessment of the medical record and drew conclusions from the record without the benefit of an expert opinion and without comment on Dr. Bragg's August 2018 opinion. An "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment.").

Regardless of whether the ALJ's assessment of the medical record could reasonably be deemed within the "common-sense judgment exception" to the need for expert evidence as Defendant argues, on this record, the ALJ erred when he failed to address an expert opinion that contradicted his assessment of the medical record.[4] That is, if an ALJ must address an expert opinion that is contrary to another expert opinion upon which the ALJ relies, *see Amanda M. T.*, logic suggests that the ALJ must consider and address an expert medical opinion that is contrary to the ALJ's assessment of the medical record at least where, as in this case, the opinion can be reasonably construed to address a concern cited by the ALJ in rejecting the expert's earlier opinion.

---

[4] Plaintiff also argues that the ALJ impermissibly interpreted raw medical evidence in his assessment of Plaintiff's RFC. Because remand is otherwise warranted, however, I do not reach the issue.

In short, the ALJ erred in failing to discuss Dr. Bragg's August 2018 opinion. Given that the ALJ concluded that Plaintiff was not disabled, and given that in his analysis, the ALJ cited in part the lack of opinion evidence from Plaintiff's providers as to Plaintiff's status as of the date last insured, which issue is addressed in Dr. Bragg's August 2018 opinion, the error was not harmless. Remand, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of August, 2020.